

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2004

# USA v. Rivers

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4626

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Rivers" (2004). *2004 Decisions.* Paper 609.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/609

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

NO. 03-4626

———

UNITED STATES OF AMERICA

v.

BRYAN RIVERS,

Appellant

———

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 98-CR-00035)
District Judge: Hon. Sue L. Robinson, Chief Judge

———

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2004

Before: SCIRICA, *Chief Judge*, RENDELL, and ALARCÓN[*], *Circuit Judges*

(Filed June 7, 2004)

———

OPINION OF THE COURT

ALARCÓN, Circuit Judge.

Appellant Bryan Rivers appeals from the order revoking his supervised release and

sentencing him to eighteen months of incarceration. Because we conclude that the district

———

[*] Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

court properly found that Mr. Rivers violated the conditions of his supervised release, we affirm.

**I**

On June 24, 1998, Mr. Rivers pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to forty-six months of incarceration and three years of supervised release on January 20, 2000. Mr. Rivers completed his sentence and was released from a federal correctional institute on January 10, 2003. His term of supervised release was set to expire on January 9, 2006.

On May 13, 2003, Mr. Rivers was arrested by Wilmington, Delaware police officers and charged with state-law offenses related to heroin distribution. In August of 2003, the District Court for the District of Delaware issued a summons for the arrest of Mr. Rivers for violation of the conditions of his supervised release.

On October 9, 2003, Mr. Rivers was questioned for four hours by Wilmington police officers as a suspect in an indecent exposure investigation. He was released without being charged with a violation of state law. On October 14, 2003, the Wilmington Police Department notified the United States Probation Office of Mr. Rivers's October 9, 2003 contact with the police.

Because Mr. Rivers failed to report this police contact to the United States Probation Office, a warrant was issued for his arrest. Mr. Rivers was arrested on the same date.

The district court conducted a revocation hearing on November 18, 2003. After

hearing the evidence and the argument of counsel, the district court found that Mr. Rivers had violated the conditions of his supervised release by committing another state or federal crime[1] and by failing to notify his probation officer within seventy-two hours of his having been questioned by law enforcement officers. The district court revoked Mr. Rivers's supervised release and sentenced him to imprisonment for eighteen months.

## II

### A.

Mr. Rivers contends that the district court erred in determining that he violated the condition of his supervised release that he report any contact with law enforcement officers within seventy-two hours. He argues that he did not violate this condition because he was questioned on Thursday, October 9, 2003. He maintains that under the rule of lenity, the intervening weekend, and the Columbus Day holiday on Monday, October 12, 2003, when the Probation Office was closed, tolled the seventy-two hour period. This court exercises plenary review over a district court's legal conclusions. United States v. Hodge, 321 F.3d 429, 433 (3d Cir. 2003).

Standard Condition Number 11 of Mr. Rivers's supervised release provided that he "[s]hall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer." Mr. Rivers contends that the rule of lenity is applicable because the term "within 72 hours" is ambiguous. We disagree. The language used in

---

[1] The charges arising out of Mr. Rivers's conduct on May 13, 2003 were still pending on the date of the revocation proceedings.

Condition Number 11 is free of any ambiguity. The rule of lenity is inapplicable. Where, as here, the intent of the drafter has been "expressed in reasonably plain terms, 'that language must ordinarily be regarded as conclusive.'" Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 570 (1982) (quoting Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980)).

Mr. Rivers has referred us to federal rules and case law where the computation of time limitations excludes intervening weekends and holidays. In each instance, however, language extending the applicable time limit is clearly set forth. See Powell v. Nevada, 511 U.S. 79, 81 (1994) (interpreting a Nevada statute that provides: "If an arrested person is not brought before a magistrate within 72 hours after arrest, excluding nonjudicial days"); Tony L. ex rel. Simpson v. Childers, 71 F.3d 1182, 1186, n.6 (6th Cir. 1995) (interpreting a state statute that a written report be generated after receipt of a report of child abuse "within seventy-two (72) hours, exclusive of weekends and holidays"); See also Rule 26(a)(2) of the Federal Rules of Appellate Procedure (stating that in computing time, "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days"); Rule 45(a)(2) of the Federal Rules of Criminal Procedure (providing that, in computing time "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days").

Condition Number 11 contains no comparable language that extends the time period beyond seventy-two hours. Its meaning is plain and unambiguous. The district court did not err in determining that "72 hours means 72 hours."

4

**B.**

Mr. Rivers further contends that the district court violated his right to due process by considering information contained in the probation officer's report that was not admitted into evidence during the revocation proceedings. He argues that he was denied the opportunity to confront and challenge the evidence. Mr. Rivers argues that as a result of the improper reliance on the information in the probation officer's memorandum, he was sentenced to eighteen months of imprisonment for possessing heroin rather than the lesser punishment for simple possession. Mr. Rivers did not cite any authority in support of this contention. This court reviews de novo a claim of denial of due process at a revocation hearing. United States v. Barnhart, 980 F.2d 219, 222 (3d Cir. 1992).

During her argument, the prosecutor stated that in determining whether Mr. Rivers had possessed heroin with intent to deliver it, the court should consider the fact that Mr. Rivers had never tested positive for drug use. The prosecutor argued that the court could infer from this fact that Mr. Rivers did not possess the heroin for his personal use. Mr. Rivers's counsel objected to the prosecutor's comment.

In his memorandum to the court setting forth the court's sentencing options, the probation officer stated that "Mr. Rivers has never tested positive for an illegal substance while under supervised release."

The record shows, and Mr. Rivers concedes, that the defense received a copy of the probation officer's memorandum prior to the revocation proceedings. In his opening statement at the revocation proceedings, Mr. Rivers's counsel referred to "the documents

5

we received from probation," and requested that the court not consider "some investigation regarding other matters" that had no relationship to whether Mr. Rivers had a contact with the police, or whether he committed a drug offense.

Thus, it is undisputed that Mr. Rivers had notice that the probation officer's memorandum contained information that he had not tested positive for heroin use. He also had the opportunity to offer evidence to rebut the facts concerning the negative heroin test results. This court has previously held that "the Federal Rules of Evidence do not apply at a revocation hearing." United States v. Lee, 315 F.3d 206, 214 (3d Cir. 2003) (citing USSG § 6A1.3 and Fed. R. Evid. 1101(d)(3)). This court has also concluded that a district court can rely on documents not admitted into evidence, if disclosed to the parties "within a sufficient time prior to the sentencing hearing to afford them with a meaningful opportunity to comment on it at sentencing and, depending on the document, prepare a response or contest it." United States v. Nappi, 243 F.3d 758, 764 (3d Cir. 2001).

The procedural requirements for a revocation proceeding are set forth in Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure. Rule 32.1(b)(2) provides that a person faced with a revocation proceeding is entitled to the following rights:

> (A) written notice of the alleged violation;
> (B) disclosure of the evidence against the person;
> (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; and
> (D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel.

6

Mr. Rivers was represented by counsel.  He received written notice of the alleged violation of his supervised release.  He had the opportunity to challenge the facts set forth in the probation officer's memorandum.  The record shows that each of his procedural rights was fully respected in this matter.  Therefore, the district court did not violate his right to due process at the revocation proceedings.

For the reasons set forth above, we affirm the district court's judgment and sentence.

_____

TO THE CLERK:

Please file the foregoing opinion.

_____/s/ Arthur L. Alarcón_____
Circuit Judge

DATED: